| | |
|---|---|
| STATE OF INDIANA<br>COUNTY OF LAKE | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| JESSICA HERRON,<br>    Plaintiff,<br>v.<br>FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN,<br>    Defendant. | CAUSE NO: |

## COMPLAINT

COMES NOW Plaintiff Jessica Herron ("Plaintiff"), by counsel, Ashford DiMartino, P.C., for her claims against Foremost Insurance Company ("Defendant") state as follows:

### THE PARTIES

1) At all times relevant herein, Plaintiff has been residing in Lake County, Indiana.

2) At all times relevant hereto, Plaintiff owned certain real estate and improvements located at 4047 Harrison Street, Gary, IN 46408 (the "Dwelling").

3) At all times relevant hereto, Defendant is and has been an Indiana insurance company.

4) At all times relevant hereto, Defendant has been licensed by the Indiana Department of Insurance to issue rental property insurance policies to Indiana residents and has been doing business in accordance therewith.

### THE POLICY

5) At all times relevant hereto, Defendant issued a rental property policy, Policy Number 5009327243 to Plaintiff (the "Policy"), which specifically covered the Dwelling. [A copy of the renewal Policy, with the coverage term of 6/16/2023 through 6/16/2024 is attached hereto

1

and incorporated herein as Exhibit "A".]

6) The Policy provides coverage for accidental direct physical loss to the Dwelling.

7) Plaintiff paid all Policy premiums that became due during the Term, for all coverages and Endorsements.

8) The Policy remained in force throughout the duration of the Term, and thereafter was renewed.

## THE CLAIMS

9) On or about 1/12/2024, Plaintiff's dwelling sustained an accidental, direct physical loss (the "Loss"), covered under the Policy.

10) Shortly thereafter, Plaintiff reported her claim to Defendant.

11) Defendant received timely notice of the damage claim, and further assigned it Claim Number 7007045040-1-1 (the "Claim"), with a date of loss of 1/12/2024.

12) Plaintiff fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim, yet Defendant refused to pay Plaintiff for coverage under the Policy.

13) Plaintiff has not excused Defendant's non-performance of its obligations under the Policy.

14) Plaintiff has satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by Defendant.

## COUNT I – BREACH OF CONTRACT

1-14. Plaintiff, repeats and re-alleges rhetorical paragraphs 1-14, as if fully reincorporated herein.

15) The Policy is a valid contract ("Contract") between Plaintiff and Defendant.

16) In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing toward Plaintiff.

17) Defendant has breached its Contract with Plaintiff in one or more of the following ways:

a) Misrepresenting the terms and conditions of coverage;

b) Failing and refusing to pay for the replacement cost and/or actual cash value and depreciation for Plaintiff's damaged property;

c) By failing and refusing to pay Plaintiff in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiff regarding her claim;

d) Misrepresenting Defendant's policies regarding payment of coverages;

e) Failing and refusing to pay the cost to replace Plaintiff's damaged property, without legal excuse or justification;

f) Failing and refusing to pay Plaintiff pursuant to the replacement cost coverage for which Plaintiff has paid additional premiums and costs;

g) Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

h) Intentionally misleading and/or deceiving Plaintiff;

i) Failing and/or refusing to properly inspect and/or investigate the loss; and

j) Failing to exercise good faith and fair dealing in its handling of Plaintiff's Claim.

18) As a direct and proximate result of Defendant's breach of contract with Plaintiff,

Plaintiff has suffered consequential damages, including but not limited to:

    a)     The loss and damage to her property without indemnification provided for in the Policy;

    b)     The loss of use of her property and other insurance benefits;

    c)     The increased cost to repair and/or replace her property insured;

    d)     Depreciated amount of real and personal property; and

    e)     Other consequential damages.

WHEREFORE, Plaintiff Jessica Herron, by counsel, respectfully requests judgment in her favor and against Defendant Foremost Insurance Company, and further requests the following relief:

    A.     For the payment of all proceeds available and due under the Policy;

    B.     For all reasonable compensatory and consequential damages;

    C.     For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

    D.     For all other just and proper relief in the premises.

Respectfully submitted,

**ASHFORD DIMARTINO, P.C.**
BY: C. ANTHONY ASHFORD, 19253-02
*/s/ C. Anthony Ashford*
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-2052
Cashfordlaw1@gmail.com

**COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH**

1-19.     Plaintiff repeats and re-alleges rhetorical paragraphs 1-19, as if fully reincorporated

4

herein.

20) In addition to breaching its Contract with Plaintiff, Defendant further breached its covenant of good faith and fair dealing with Plaintiff in one or more of the following manners:

    a) By making an unfounded refusal to pay policy proceeds to Plaintiff;

    b) By causing an unfounded delay in making payment to Plaintiff for her damaged property;

    c) By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

    d) By attempting to exercise any unfair advantage to pressure Plaintiff into a settlement of her claim;

    e) By failing and refusing to pay Plaintiff in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiff regarding her claim;

    f) By compelling Plaintiff to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

21) Defendant's actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing and have resulted in additional injury and damage to Plaintiff, including but not limited to consequential damages and emotional distress.

WHEREFORE, Plaintiff Jessica Herron, by counsel, respectfully requests judgment in her favor and against defendant Foremost Insurance Company, and further requests the following relief:

    A. For all reasonable compensatory and consequential damages at law;

    B. For all recoverable punitive damages at law;

C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and,

D. For all other just and proper relief in the premises.

        **ASHFORD DIMARTINO, P.C.**
        BY: C. ANTHONY ASHFORD, 19253-02
        /s/ C. Anthony Ashford
        Attorney for Plaintiffs
        334 W. 806 N.
        Valparaiso, IN 46385
        P: (219) 728-5210
        F: (219) 728-2052
        Cashfordlaw1@gmail.com

## JURY DEMAND

**PLAINTIFF, BY COUNSEL, HEREBY DEMAND TRIAL BY JURY.**

        Respectfully submitted,
        ASHFORD DIMARTINO, P.C.
        BY: C. ANTHONY ASHFORD, 19253-02
        /s/ C. Anthony Ashford
        Attorney for Plaintiff
        334 W. 806 N.
        Valparaiso, IN 46385
        P: (219) 728-5210
        F: (219) 728-2052
        Cashfordlaw1@gmail.com

## CERTIFICATE OF FILING

*I certify that on December 19, 2024, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

        BY: */s/ C. Anthony Ashford*