UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JESSICA HERRONG, <br><br> Plaintiff, <br><br> v. <br><br> FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, <br><br> Defendant. | CAUSE NO. 2:25CV41-PPS/AZ |

OPINION AND ORDER

Plaintiff, Jessica Herrong, filed a complaint in Lake County Superior Court. [DE 3.] She alleges she owned certain real estate and improvements located at 4047 Harrison Street in Gary, Indiana, and Defendant Foremost Insurance Company was licensed to issue rental property insurance. [*Id.* at 1.] Herrong's dwelling allegedly sustained a physical loss that was covered under the insurance policy, but Defendant refused to pay the claim. [*Id.* at 2.] Plaintiff brings state law claims for breach of contract and bad faith/breach of covenant of good faith. [*Id.* at 2-6.] She requests compensatory and consequential damages as well as attorneys fees, costs, and punitive damages. However, Plaintiff does not specify the amount of damages she is seeking, and she does not state whether the amount in controversy is more or less than $75,000.

Foremost Insurance filed a notice of removal on January 27, 2025. [DE 1.] Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). For a federal court to hear a case with only state-law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. Diversity

jurisdiction requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and that there is complete diversity of citizenship. *See* 28 U.S.C. § 1332.  The diversity of citizenship is not at issue in this case, but the amount of controversy is.

Defendant contends diversity jurisdiction exists, stating "[p]ursuant to Local Rule 81-1(a), Defendant alleges that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00." [DE 1 at 2.]  The Northern District of Indiana does not have a Local Rule 81-1.  However, local Rule 81-1 for the Southern District of Indiana provides that within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. But as I mentioned, this rule is not applicable to this jurisdiction and is improperly cited by Foremost Insurance in the notice of removal.

Technically, it is Foremost Insurance's burden to show that Plaintiff's complaint states a claim for more than $75,000.  *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (7th Cir. 2000) (removing party bears burden of demonstrating that amount in controversy requirement was met at time of removal).  However, in order to cut through this matter quickly, I will ask the Plaintiff to file a supplemental brief on this issue, since the matter is within her personal knowledge.

ACCORDINGLY, the Court: ORDERS Plaintiff, Jessica Herrong, to file supplemental briefing to clarify whether the amount in controversy exceeds $75,000, or a motion to remand, by **March 3, 2025.**

SO ORDERED.

ENTERED: February 3, 2025.    /s/ Philip P. Simon
　　　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT